UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENSON MILLS INC.,
                    Plaintiff,

    v.

KENNETH FORTENBERRY et al.,
                    Defendants.

CASE NO. C23-0686-KKE

ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT

Plaintiff Benson Mills, Inc. ("Benson") accuses Defendant Kenneth Fortenberry of submitting takedown notices through Amazon.com's ecommerce platform that falsely state Benson is infringing copyrights that Benson, in fact, owns. Fortenberry has not appeared in this action and Benson has shown it is entitled to default judgment on its Digital Millenium Copyright Act ("DMCA") and unfair competition claims and that it is entitled to entry of injunctive relief prohibiting Fortenberry from submitting fraudulent takedown notices.

## I.   BACKGROUND

Benson sells "table linens, placemats and other home textiles" with original copyrighted designs. Dkt. No. 1 ¶ 7. Benson "markets and advertises its goods using photographs" which are also copyrighted by Benson. *Id.* Benson sells a significant percentage of its goods on the Amazon.com ecommerce platform. *Id.* ¶ 9. In December 2022, March 2023, and April 2023, Fortenberry sent DMCA takedown notices to Amazon on Benson's copyrighted photographs,

copyrighted designs, and copyrighted content and packaging.  *Id.* ¶¶ 11A–F.  Benson alleges that each takedown notice was fraudulent because Fortenberry falsely confirmed under penalty of perjury that he had "a good faith belief" that the complained of material "is not authorized by the copyright owner, its agent, or the law."  *Id.* ¶ 12.  Due to the filing of these takedown notices, Amazon "either disabled the product listings" or "removed the photographs" of the product, causing Benson to lose significant sales "during the critical holiday selling seasons."  *Id.* ¶ 13.

In May 2023, Benson filed this case alleging violation of Section 512(f) of the DMCA, business defamation, violation of the Washington Consumer Protection Act, and common law unfair competition.  Dkt. No. 1 ¶¶ 16–39.  Benson sought damages, a permanent injunction, prejudgment interest, punitive damages, and reasonable attorney's fees and costs.  *Id.* at 10–11.  After the Court granted Benson expedited discovery on Amazon (Dkt. No. 8) and multiple extensions of time to serve Defendants (Dkt. Nos. 10, 12, 14), Benson filed an affidavit of service on January 12, 2024.  Dkt. No. 16.  Benson served Fortenberry by FedEx and the proof of delivery was signed by K. Fortenberry on December 11, 2023.  *Id.*  On February 28, 2024, the Court granted Benson's motion for entry of default under Federal Rule of Civil Procedure 55(a).  Dkt. No. 20.  Benson now moves for entry of default judgment and a permanent injunction against Fortenberry for his violations of the DMCA and common law unfair competition.  Dkt. No. 20.

## II.   ANALYSIS

### A.   Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

1

2

3

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Benson asserts a federal law cause of action for violation of Section 512(f) of the DMCA, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  Dkt. No. 1 ¶ 4.

4

5

6

The Court has personal jurisdiction over Fortenberry based on the accepted-as-true allegation that he submitted the fraudulent takedown notices to Amazon.com, which is based in the Western District of Washington.  WASH. REV. CODE § 4.28.185(1)(b).

7

**B.    Legal Standards**

8

9

10

11

12

13

14

15

16

A court's decision to enter a default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment).   At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

17

18

19

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

20

21

22

23

*Eitel*, 782 F.2d at 1471–72.  "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors."  *Fed. Nat. Mortg. Ass'n v. George,* No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015).  This district also requires a party seeking default judgment to provide "a declaration and

24

1    other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief

2    sought."  Local Rules W.D. Wash. LCR 55(b)(2).

3    **C.      Benson Is Entitled to Default Judgment Against Fortenberry.**

4            As detailed below, the Court has considered each of the *Eitel* factors and concludes that

5    Benson is entitled to default judgment.

6            The first factor, prejudice to Benson, favors granting default judgment because Benson

7    "has no recourse for recovery other than default judgment" because Fortenberry has failed to

8    respond to this action.  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash.

9    2014) (cleaned up).

10           "The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency

11   of the complaint—are often analyzed together."  *Illumination Arts*, 33 F. Supp. 3d at 1211.  Benson

12   moves for default judgement on the DMCA violation claim and the common law unfair

13   competition claim.  Dkt. No. 21 at 4–5.  Taking the well-pleaded allegations as true, the Court

14   finds that the second and third *Eitel* factors support default judgment for both claims.  Under

15   section 512(f) of the DMCA, "[a]ny person who knowingly materially misrepresents under this

16   section (1) that material or activity is infringing … shall be liable for any damages."  17 U.S.C. §

17   512(f).  In its complaint, Benson identifies specific DMCA takedown notices submitted by

18   Fortenberry, the targeted products and photographs, and the copyright registrations for the

19   products and allegations of ownership of the photographs.  Dkt. No. 1 ¶¶ 11A–F.  Assuming these

20   allegations are true, Fortenberry materially misrepresented that the products/photos/packaging

21   were infringing in his takedown notices, thus violating the DMCA.  Because Benson's unfair

22   competition claim is based on the theory that "a competitor who diverts business from another by

23   means of fraudulent misrepresentations" is liable for unfair competition, this claim has been

24

sufficiency alleged and supported for the same reasons as the DMCA violation.  In sum, Benson's claims have merit and are sufficient to satisfy the second and third *Eitel* factors.

The fourth factor, the sum of money at stake, favors entering default judgment because Benson does not seek any financial recovery.  "When a plaintiff seeks only injunctive relief and no monetary damages in its motion for default judgment, the fourth *Eitel* factor weighs in favor of default judgment."  *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 2905887, at *5 (W.D. Wash. July 22, 2022) (citing *PepsiCo, Inc., v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth factor, the possibility of dispute over material facts, favors entering default judgment.  Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations are true."  *Illumination Arts*, 33 F. Supp. 3d at 1212.

The sixth factor, whether default is due to excusable neglect, favors entering default judgment because Fortenberry has been served with the complaint (Dkt. No. 16)[1] but has not entered an appearance or participated in this action.

The seventh factor weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation.  However, default judgment is not precluded by this finding.  *See Empl. Painters' Trust v. Dahl Constr. Servs., Inc*., No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020) (explaining that when a defendant fails to appear, the policy favoring a decision on the merits does not preclude the entry of default judgment).

---

[1] Service was proper under Federal Rule of Civil Procedure 4(e)(1) and N.C. Gen. Stat. §1A-1, Rule 4.  *See Shreve v. Wolfe,* No. 5:21-CV-98-BO, 2021 WL 3824674, at *1 (E.D.N.C. Aug. 26, 2021) (explaining affidavit of service with return receipt attached will create a presumption of valid service for default judgment).

On balance, the Court concludes the *Eitel* factors favor granting default judgment.

**D.    Benson Is Entitled to a Permanent Injunction Against Fortenberry.**

Benson seeks a permanent injunction prohibiting Fortenberry and any related entity or individual "from filing with any company, website host, search engine or internet service provider any notices or counter-notices under the [DMCA], asserting that any Benson Mills products incorporating designs previously registered by Benson Mills with the U.S. Copyright Office are violative of purported copyrights owned by Defendant." Dkt. No. 21-1.  Under 17 U.S.C. § 502(a), the Court can "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  For the Court to grant a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered irreparable injury; (2) the remedies available at law are inadequate; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) a permanent injunction would not be contrary to the public interest.  *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).  Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law.  *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Based on the allegations in the Complaint, Benson has demonstrated that it is entitled to permanent injunctive relief against Fortenberry.  First, Benson has shown it has suffered irreparable injury through the removal of its products and photos on Amazon.com, one of its largest selling channels.  Dkt. No. 1 ¶¶ 9, 13–15; *see Beyond Blond Prods., LLC v. Heldman,* 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020) (finding irreparable harm when products are removed or inaccessible), *aff'd sub nom. Beyond Blond Prods., LLC v. ComedyMX, LLC*, No. 21-55990, 2022 WL 1101756 (9th Cir. Apr. 13, 2022).  Second, Benson alleges Fortenberry's false takedown notices occurred over at least five months (Dkt. No. 1 ¶ 11), making it likely these actions will

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

continue in the future such that monetary relief is insufficient.  *See Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) ("[M]onetary damages would not prevent Psystar from continuing to infringe Apple's copyrights and violate the DMCA in the future[.]"), *aff'd*, 658 F.3d 1150 (9th Cir. 2011).  Third, the burden on Fortenberry is not a hardship because the narrow language of the injunction merely requires him to follow the law.  *See id.* ("Psystar does not (and cannot) claim any legitimate hardships as a result of being enjoined from committing unlawful activities[.]").  To this end, the Court edits the injunctive language to follow Federal Rule of Civil Procedure 65(d)(2) to only apply to Defendant and his officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them that receive actual notice of the injunction.  Fourth, and finally, the public benefits when "the legitimate rights of copyright holders are vindicated."  *Psystar Corp.*, 673 F. Supp. 2d at 950.

In sum, a permanent injunction is an equitable and appropriate remedy in this case.

### III.   CONCLUSION

For these reasons, the Court GRANTS Benson's motion for default judgment.  Dkt. No. 20.

The Court ORDERS that, effective immediately upon the entry of this Permanent Injunction, Defendant, together with his officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them that receive actual notice of the injunction, shall be and are hereby permanently enjoined and restrained from filing with any company, website host, search engine or internet service provider any notices or counter-notices under the Digital Millennium Copyright Act, 17 U.S.C. § 512, asserting that any Benson Mills products incorporating designs previously registered by Benson Mills with the U.S. Copyright Office are violative of purported copyrights owned by Defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Finally, the Court DISMISSES the case against the Doe Defendants without prejudice.  *See Vivanco v. California Dep't of Corr. & Rehab.*, 817 F. App'x 492, 493 (9th Cir. 2020) ("Because Vivanco did not amend her complaint to name the Doe defendants or serve the unknown defendants, the district court properly exercised its authority to dismiss the Doe defendants sua sponte.").

The Clerk is instructed to close this case.

Dated this 1st day of July, 2024.

Kymberly K. Evanson
United States District Judge